THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DALE G. BELL, Defendant-Appellee.

Fourth District   No. 13315

Opinion filed September 2, 1976.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Trezise & Kinate, of Fairbury, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was arrested for driving while intoxicated (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). At the hearing on defendant's refusal to submit to a breath test, the trial court allowed defendant's motion to suppress the arresting officer's observations of defendant at his home at the time of his arrest and ruled that defendant's arrest was illegal. The State appeals, contending that, since the police officers had probable cause, the arrest was valid.

John Wiles, a deputy sheriff, testified concerning the circumstances leading to defendant's arrest. Officer Wiles, in his private vehicle, was traveling behind defendant's vehicle for about four miles. During that time he observed that defendant's vehicle was taking up both lanes of the highway. On three different occasions, defendant's vehicle crossed over into the lane for oncoming traffic. Two oncoming vehicles had to swerve to the right and a third vehicle had to go off the highway onto the shoulder to avoid a near-miss headon collision. At the end of the four miles, defendant made a left-hand turn and Officer Wiles recognized defendant as the driver.

After defendant had turned, Officer Wiles did not follow him but went to his home and called the dispatcher at the county jail. Another police officer then picked up Officer Wiles and they proceeded to defendant's home. About 10 to 15 minutes elapsed between the time when Officer Wiles had observed defendant turn and the time when the officers arrived at defendant's home. Upon arrival at defendant's home, the officers knocked on the door and an unidentified person answered the door. The officers asked if defendant was there, whereupon the unidentified person went into the bedroom and came back with the defendant. The officers then confronted the defendant with what had happened. Defendant's speech was slurred and only partially understandable. This evidence was suppressed.

In his colloquy and findings the trial court concluded that while the officers could arrest in a public place, the interruption of 15 minutes while the deputy obtained assistance to make the arrest demonstrated the absence of "hot pursuit" that there was time to procure a warrant, and that there was no present exigency which justified entry of the defendant's home without the obtaining of a warrant. The court further concluded that defendant did not consent to the entry of the home by the officers, or that the court would not presume that the person who answered the door

had authority to admit them. He also refused to determine whether an exigency existed by reason of the time elements provided in section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1).

■■ A peace officer may arrest a person when he has reasonable grounds to believe that the person is committing, or has committed, an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2(a).) The statute states no condition as to the place of arrest or the time at which it may be made. The word "offense" as used in the statute includes misdemeanors as well as felonies. *People v. Clark* (1956), 9 Ill. 2d 400, 137 N.E.2d 820; *People v. Barbour* (1969), 108 Ill. App. 2d 334, 247 N.E.2d 634.

The observation of defendant's manner of driving provided the arresting officer with reasonable grounds to believe that defendant was committing the offense of driving while intoxicated. The measure of probable cause is the practical and factual considerations employed by reasonable and prudent men in every day affairs. (*People v. Johnson* (1973), 15 Ill. App. 3d 741, 305 N.E.2d 208.) Probable cause to arrest does not require evidence sufficient to convict. *People v. Doss* (1970), 44 Ill. 2d 541, 256 N.E.2d 753; *People v. Novak* (1965), 33 Ill. 2d 343, 211 N.E.2d 235, *cert. denied*, 384 U.S. 1016, 16 L. Ed. 2d 1037, 86 S. Ct. 1980.

The argument that an arrest was unconstitutional because there was time to obtain a warrant was rejected in *United States v. Watson* (1976), ___ U.S. ___, 46 L. Ed. 2d 598, 96 S. Ct. 820. It was there held that where the statute concerned authorized arrest upon probable cause, an arrest made under the authority of the statute was not invalid because of a failure to obtain a warrant. It was stated that in passing the statute Congress had decided against conditioning such arrest upon exigent circumstances.

In *People v. Johnson* (1970), 45 Ill. 2d 283, 259 N.E.2d 57, the court expressly rejected an argument that an arrest could only be affected where there was "hot pursuit," or circumstances which did not permit sufficient time to obtain a warrant. In that case several days intervened between ascertaining probable cause and the arrest. See also *People v. Weathers* (1974), 18 Ill. App. 3d 338, 309 N.E.2d 795, *leave to appeal denied*; *People v. Martin* (1974), 24 Ill. App. 3d 710, 321 N.E.2d 368, and *People v. Franklin* (1974), 22 Ill. App. 3d 775, 317 N.E.2d 611.

Upon the issue of the validity of the arrest made at defendant's home, the record is not clear that the officers did, in fact, enter. It is shown that they knocked at the door, identified themselves and that an occupant went to defendant's bedroom and "brought him out".

Section 107—5(d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 107—5(d), provides:

"All necessary and reasonable force may be used to effect an entry

into any building or property or part thereof to make an authorized arrest."

Here, as in *People v. Johnson* (1970), 45 Ill. 2d 283, 259 N.E.2d 57, probable cause to arrest was ascertained before entry.

In *Miller v. United States* (1958), 357 U.S. 301, 2 L. Ed. 2d 1332, 78 S. Ct. 1190, it was stated that the common law authorized entry upon private premises to arrest without a warrant if the officer announced his authority and purpose prior to entry. The same conclusion is stated in *Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407. In *People v. Barbee* (1966), 35 Ill. 2d 407, 220 N.E.2d 401, and *People v. Sprovieri* (1969), 43 Ill. 2d 223, 252 N.E.2d 531, it was determined that an officer authorized to make an arrest is also authorized to use force if refused admittance after announcing his authority and purpose. See also ALI, a Model Code of Pre-arraignment Procedure, §120.6(1) (1975).

In *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, the court affirmed convictions where warrantless arrests were made upon private property upon authority of a statute following the announcement of the officer's authority and purpose. Assuming arguendo that the arresting officer did actually enter the residence of defendant to make an arrest the act was not illegal.

■■ In refusing to consider the arguments of exigency of time for purposes of making necessary tests for alcoholic intoxication, the record shows that it was some 27 miles from the place of arrest to an available judicial facility where a warrant might be obtained. In *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, upon essentially identifical facts the court concluded that the officer might reasonably believe that the time required to obtain a warrant might result in the destruction of evidence.

The judgment below is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded with directions.

GREEN and SIMKINS, JJ., concur.