337 So.2d 1165 (1976)
STATE of Louisiana
v.
Jerry A. DIXON.
No. 57915.
Supreme Court of Louisiana.
October 6, 1976.
*1166 Fred A. Blanche, III, Baton Rouge, Gerald A. Bosworth, Howma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Jerry A. Dixon was charged by bill of information with possession of a controlled dangerous substance, to-wit: heroin, in violation of La.R.S. 40:966(C). After trial by judge, he was found guilty as charged and was subsequently sentenced to serve four years at hard labor with credit toward the sentence for time spent in actual custody prior to imposition of sentence. On appeal the defendant relies on one assignment of error for reversal of his conviction and sentence.
Defendant contends that the trial judge erred in overruling his motion to suppress certain physical evidence consisting of a plastic baggie containing tin foil packets filled with heroin which was seized from the front seat of the defendant's automobile. He argues that the seizure constituted a warrantless search conducted without probable cause.
The testimony at the hearing on the defendant's motion to suppress evidence reveals that on or about January 21, 1975, Officer Charles Bailey received information from a confidential informant who had on previous occasions supplied information which resulted in prosecutions. The informant advised Officer Bailey that a quantity of narcotics would soon be brought into the Baker area by Brady McDaniels, Mike Terrell, and the defendant Jerry Dixon. On January 24, 1975, the informant again contacted the officer and told him that a "trip" would be made in a Dodge Charger. He said he would call back when the car carrying the narcotics returned to town. The following morning at about 9:00 a.m. the informant notified Officer Bailey that the narcotics had arrived and that they would be moved in the Dodge Charger. He also said that he had seen the illegal drugs and that when moved they would be wrapped in cellophane paper and located either in the automobile's console, between the seats, or on the person of Jerry Dixon. With the assistance of the East Baton Rouge Sheriff's Office, a three unit surveillance was set up. One unit, manned by Officer Doerner, was assigned to watch the residence where the Dodge Charger belonging to Jerry Dixon was parked. Two other units were stationed at a golf course parking lot about a quarter of a mile away. At about 11:00 a.m. Officer Doerner radioed the other surveillance units that two white males had entered the Charger and were driving away. The vehicle was "picked up" as it proceeded along Louisiana Highway 19 and followed by the three police units. When Dixon turned into a roadside hamburger stand, the police cars pulled into the parking lot on either side and behind his vehicle. The officers immediately identified themselves as the police. Officers Fourrier and Barnette approached the passenger side of the Charger. As they did so, they observed Dixon move his hand behind himself on the seat of the car. Officer Fourrier testified that this motion alerted him to the possibility that the suspect might have a weapon. Officer Barnette, who had preceded Officer Fourrier by a few steps, opened the door of the Charger, got Dixon out of the vehicle, and instructed him to turn around and put his hands on the car. While Officer Fourrier conducted a limited weapons pat-down of the defendant, Officer Barnette, who was still standing in the open doorway of the Charger, glanced down and observed a plastic baggie on the seat of *1167 the automobile in the area where the defendant had been seated. He testified that it was in "plain view" and that he could see that it contained small folded tinfoil squares which, from his training and experience, he recognized as packets of heroin. The officer seized the package and, after examining its contents, the defendant and his companion, Mike Terrell, were placed under arrest.
The right of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity is recognized by La.Code Crim.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Cook, 332 So.2d 760 (La.1976); State v. Rogers, 324 So.2d 403 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). We have held that reasonable cause for an investigatory detention is something less than probable cause, and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Weathers, 320 So.2d 892 (La.1975).
The officers in the instant case had reliable information that the defendant would be transporting narcotics in the Dodge Charger. The informant was known to Officer Bailey personally and had provided him with information in the past which had led to prosecutions. It is clear that, under circumstances such as these, an informant's tip can provide reasonable cause to detain and question a suspect. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Whether or not the officers in the case may have also had probable cause to make a warrantless arrest or search, we are satisfied that the information given by the informant carried with it enough indicia of reliability to justify the officers in making an investigatory stop. Moreover, since the movements of Dixon indicated that he might have a weapon, the officers were equally justified in removing him from the car and conducting a limited weapons patdown. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When the defendant exited the Charger, he thereby exposed a plastic baggie filled with packets of heroin.
It is well settled that objects falling within the plain view of an officer who had a right to be in a position to have that view are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Rogers, 324 So.2d 403 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). The "plain view" doctrine is properly applied when a police officer inadvertently comes across incriminating objects at a time when he is not searching for evidence against the accused. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
We are convinced that the facts of this case demonstrate that Officer Barnette had a right to be standing in the doorway on the passenger side of the Dodge Charger and that he was justified in asking Dixon to get out of the automobile to undergo a limited weapons search. The evidence thereby exposed on the seat of the vehicle fell into the officer's plain view. Accordingly, we find that the evidence was lawfully seized and therefore admissible against the defendant at trial on the merits. The trial judge did not err in overruling defendant's motion to suppress the evidence. There is no merit to this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs with reasons.
CALOGERO, J., concurs in the result.
DENNIS, J., concurs.
DIXON, Justice (concurring).
There was probable cause for the search and seizure.