THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMELIA McELROY, Defendant-Appellant.

First District (5th Division)   No. 76-341

Opinion filed December 10, 1976.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was tried in a bench trial for unlawful use of weapons, in violation of section 24—1(a)(4) of the Criminal Code. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).) She was found guilty and sentenced to 18 months probation.

The sole issue on appeal is whether the trial court erred in denying the motion to suppress evidence allegedly obtained after an unlawful arrest.

Officer Newton, the only witness to testify at the hearing on the motion to suppress, stated that he and another officer responded to a radio call that a woman with a gun was in the area of 3816 West Maypole. Upon their arrival at that location, he observed defendant and another woman in the street. He concluded from the appearance of the latter that she was not concealing a weapon, because she was wearing a blouse and pants and was not carrying a purse. He then approached defendant, who was carrying a purse, informed her of the reason for his and the other officer's presence, and asked if her purse could be searched. At that point, he said she "became hostile" and told them they would have to arrest her before they could search her purse. There were about six males also present, and Newton testified that when she started to pull away and attempted to leave the scene, she was placed under arrest. Because of the others in the area, the officers left quickly with her to avoid an incident. On the way to the station, defendant was asked whether she had a gun in her purse, and she responded affirmatively. A loaded .32-caliber Clark revolver and five nickel bags of marijuana were then recovered from her purse. The motion to suppress was denied, whereupon defendant stipulated to the testimony heard on the motion, and she was found guilty.

OPINION

■■ The basis of defendant's position is that probable cause for her arrest was lacking and, as a result, the search of her purse—which revealed the gun—was unlawful.

A police officer may arrest a person when he has reasonable grounds to believe that the person is committing, or has committed, an offense. (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c); *People v. Wright* (1969), 42 Ill. 2d 457, 248 N.E.2d 78; *People v. Bell* (1976), 41 Ill. App. 3d 233, 355 N.E.2d 38.) The test of probable cause is whether the facts and circumstances within the arresting officer's knowledge, including that based on hearsay, are sufficient to convince an individual of reasonable caution that an offense has been committed. (*People v. La Bostrie* (1958), 14 Ill. 2d 617, 153 N.E.2d 570, *cert. denied*, 359 U.S. 947, 3 L. Ed. 2d 680, 79 S. Ct. 728; *People v. Colbert* (1973), 10 Ill. App. 3d 758, 295 N.E.2d 225.) Probable cause to arrest does not require evidence sufficient to convict. (*People v. Doss* (1970), 44 Ill. 2d 541, 256 N.E.2d 753.) It is a concept that, as the term implies, involves probabilities and is based upon the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. (*Brinegar v. United States* (1949), 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302.) Any assessment of the reasonableness of police conduct should take into consideration the officer's responsibility and duty to maintain order, prevent crime, and apprehend criminals, along with the fact that he must act on a quick appraisal of the information before him. *People v. Watkins* (1960), 19 Ill. 2d 11, 166 N.E.2d 433, *cert. denied*, 364 U.S. 833, 5 L. Ed. 2d 59, 81 S. Ct. 57; *People v. Yocum* (1974), 24 Ill. App. 3d 883, 321 N.E.2d 731.

After police arrived at the scene and observed two women in the street at the location given in the radio call, the reported information was thus partially corroborated and, from their observation of the women, justified suspicion that one of the women might indeed be concealing a weapon. From his own knowledge and experience as a police officer, it appears that the trial court could properly accept Officer Newton's conclusion that the weapon was probably concealed within defendant's purse. When Newton informed her of the reason for their presence and the fact that they wanted to search her purse, she refused stating that they would have to arrest her first. When she attempted to leave the scene, she was arrested.

From the totality of the circumstances here, we believe that reasonable grounds existed for the officers to believe that defendant possessed a gun and was in violation of section 24—1(a)(4) of the Criminal Code and thus that probable cause for the arrest existed. See *People v. Harvey* (1976), 41 Ill. App. 3d 869, 354 N.E.2d 393; *People v. Staples* (1971), 1 Ill. App. 3d 922, 275 N.E.2d 259.

■■ Where there has been a lawful custodial arrest, the person arrested may be fully searched as an incident thereto. (*Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488.) Here, the record discloses that after her arrest she was asked by the police officer whether she had a

gun in her purse, and she answered in the affirmative. In view thereof, the search of defendant's purse was proper.

■■ We are cognizant of but reject defendant's contention that the testimony of the police officer that he responded to a radio call lacked indicia of reliability. It is well settled that it is reasonable for police officers to act on information given by a private citizen without establishing prior reliability (*People v. Hoffman* (1970), 45 Ill. 2d 221, 258 N.E.2d 326, *cert. denied,* 400 U.S. 904, 27 L. Ed. 2d 141, 91 S. Ct. 142; *People v. Hester* (1968), 39 Ill. 2d 489, 237 N.E.2d 466, *appeal dismissed,* 397 U.S. 660, 25 L. Ed. 2d 642, 90 S. Ct. 1408) and to act on information acquired by police radio (*People v. Hill* (1975), 28 Ill. App. 3d 719, 329 Ill. 2d 515). Here, the police were acting through a radio call upon information apparently received from an anonymous tipster which, if correct, presented an immediate and real danger to the public. The potential of a criminal offense required prompt police action to prevent possible serious harm. Therefore, considering these exigencies, we believe police acted reasonably on the facts available to them in responding to the call and proceeding without attempting to further establish the reliability of the tipster.

As the court said, in *People v. Rivera* (1964), 14 N.Y.2d 441, 444-45, 201 N.E.2d 32, 34, 252 N.Y.S.2d 458, 461, *cert. denied,* 379 U.S. 978, 13 L. Ed. 2d 568, 85 S. Ct. 679:

> "The business of the police is to prevent crime if they can. Prompt inquiry into suspicious or unusual street action is an indispensable police power in the orderly government of large urban communities. It is a prime function of city police to be alert to things going wrong in the streets; if they were to be denied the right of such summary inquiry, a normal power and a necessary duty would be closed off."

We recognize the danger inherent in police use of anonymous information for intrusive governmental action and expressly limit the effect of our opinion in that regard to exigent circumstances of the degree found in this case. *Cf. In re Boykin* (1968), 39 Ill. 2d 617, 237 N.E.2d 460; *People v. Taggart* (1967), 20 N.Y.2d 335, 229 N.E.2d 581, 283 N.Y.S.2d 1, *appeal dismissed,* 392 U.S. 667, 20 L. Ed. 2d 1360, 88 S. Ct. 2317.

We conclude that under the circumstances and exigencies of this case, the conduct of the police officer in arresting defendant and searching her purse was not unreasonable and did not exceed constitutional or statutory mandates. We hold, therefore, that the motion to suppress was properly denied, and we affirm the judgment of the trial court.

Affirmed.

LORENZ, P. J., and DOWNING, J., concur.