377 So.2d 1222 (1979)
STATE of Louisiana
v.
Archie JERNIGAN.
No. 64963.
Supreme Court of Louisiana.
December 13, 1979.
*1223 William J. O'Hara, III, Supervising Atty., New Orleans, Joseph LaHatte, Student Practitioner, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Richard J. Petre, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.[*]
Archie Jernigan was charged by bill of information with possession of a firearm after having been previously convicted of simple robbery in violation of La.R.S. 14:95.1. Defendant entered a plea of not guilty at the arraignment. After the trial judge denied defendant's motions to suppress physical evidence and his confession, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged, expressly reserving his right to appeal the trial judge's denial of his pre-plea motions to suppress.[1] The trial judge accepted the plea of guilty after determining that it was made voluntarily with understanding of the nature of the charge. Defendant was sentenced to serve three years at hard labor and was given credit toward service of his sentence for time served since March 5, 1979. On appeal, defendant relies on three assignments of *1224 error for reversal of his conviction and sentence.[2]

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to suppress physical evidence. He argues that the police officer who seized the evidence had no reasonable cause to stop and frisk him; therefore, the evidence was inadmissible as "fruit of the poisonous tree."
On March 5, 1979, at approximately 9:30 p. m., the New Orleans Police Department received a phone message from an unidentified caller that a black male wearing a yellow shirt and blue pants and armed with a handgun was sitting in Sander's Bar at 4218 Thalia Street in New Orleans. Officer Reginald Williams was notified by radio. He proceeded immediately to that address and entered the bar. There were about ten or twelve persons therein. Defendant was sitting alone at a table and was the only person in the bar wearing a yellow shirt and blue pants. Officer Williams approached defendant, directed him to stand up, and immediately conducted a frisk. Officer Williams felt a gun in defendant's left front pants pocket. He then removed a .38 caliber snubnose revolver from the pocket and placed defendant under arrest.
In determining the validity of the seizure of the gun as the result of the frisk, there are two actions of the officer that must be examined: the initial detention of defendant and the subsequent frisk. If either action was not justified, the evidence obtained is inadmissible.
The fourth amendment to the federal constitution protects people against "unreasonable searches and seizures." Measured by this standard, La.Code Crim.P. art. 215.1, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La. 1979); State v. Robinson, 342 So.2d 183 (La.1977); State v. Perique, 340 So.2d 1369 (La.1976). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. State v. Taylor, 363 So.2d 699 (La. 1978); State v. Drew, 360 So.2d 500 (La. 1978); State v. Dixon, 337 So.2d 1165 (La. 1976). In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the United States Supreme Court stated:
In Terry this Court recognized that `a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' ... The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. ... A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.
Moreover, it is recognized that an informant's tip can provide a police officer with reasonable cause to detain and question a suspect. Adams v. Williams, supra; State v. Perique, supra; State v. Dixon, supra. However, the narrow issue presented here is whether an informant's tip can provide reasonable cause where the tip is anonymous. While we have not been confronted *1225 directly with this issue before, our research reveals the most of the federal circuit courts of appeal and state appellate courts, including that of the District of Columbia, which have had occasion to consider the propriety of investigatory police action based upon information from an anonymous source have approved the action of the law enforcement officers.[3] We likewise hold that an anonymous tip can provide the basis of an investigatory stop. However, the information received from the anonymous tipster must carry enough indicia of reliability, such as specificity of the information and corroboration by independent police work, to justify the stop. Also, where the information, if correct, presents an immediate and real danger to the public, prompt police action is justified to prevent a possible serious harm.
In the instant case, the anonymous tip was made directly to the police station. It described the suspect's clothing, where he was located and the crime he was allegedly committing. The police officer went directly to the location and verified that a person meeting the description supplied by the tipster was located therein. Defendant was the only person in the bar meeting the description of the suspect. Clearly, defendant was the person accused by the tipster. Moreover, since the crime being investigated involved a gun, it presented an immediate danger to the public, a danger aggravated by its occurrence in an occupied alcoholic beverage outlet. Under the circumstances, we consider that Officer Williams had sufficient knowledge of facts to justify the detention of defendant for questioning.
Once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances where he reasonably suspects that he is in danger of life or limb. La.Code Crim.P. art. 215.1(B); Adams v. Williams, supra; Terry v. Ohio, supra; United States v. Unverzagt, 424 F.2d 396 (8th Cir. 1970); State v. Hunter, 375 So.2d 99 (La.1979); State v. de la Beckwith, 344 So.2d 360 (La.1977); State v. Dixon, supra. Such was clearly the case here. Hence, Officer Williams was justified in conducting a limited protective search of defendant for weapons.
In sum, the initial detention and subsequent frisk of defendant by Officer Williams was justified. Accordingly, the trial judge did not err in denying defendant's motion to suppress the gun obtained as a result thereof.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion to suppress a confession given by defendant after his arrest. He argues that the state failed to carry its burden of proving that the confession was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.Code Crim.P. *1226 art. 703(C). The record indicates, however, that, before defendant confessed, he was advised by the police officer of his constitutional rights, that he understood those rights, that he was not threatened or coerced in any way, that no physical force was used and that nothing was promised to him in return for his confession. Accordingly, the trial judge did not err in denying defendant's motion to suppress the confession. Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
DIXON, J., concurs.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
DENNIS, Justice, dissenting.
I respectfully dissent.
Here, as in State v. Wilson, 366 So.2d 1328 (La.1978), and State v. Sims, 350 So.2d 1189 (La.1977), where we held the stops to be unjustified, the record reveals no information about the ultimate source of the tip that Jernigan was armed with a handgun. That information, as in Wilson and Sims was neither detailed nor verified. Moreover, unlike the officers in Wilson, the officers in the present case had never seen or heard of the defendant before. There was absolutely no corroboration of the tip.
The officers thus had no reasonable basis independent of the anonymous informant's tip to indicate that Jernigan was engaged in any criminal activity: nothing prior to the stop to suggest that the tip was in fact anything more than casual rumor or accusation.
The majority ruling, therefore, represents an unwarranted retrenchment from our prior holdings that "[a]n unverified and undifferentiated tip derived from an undisclosed source cannot supply the reasonable cause to justify an intrusion upon a person's liberty, whether that intrusion is characterized as an arrest or as an investigatory stop." State v. Wilson, supra, 366 So.2d at 1333; State v. Sims, supra.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.
[1] State v. Crosby, 338 So.2d 584 (La. 1976).
[2] Defendant has neither briefed nor argued Assignment of Error No. 1; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[3] See United States v. Gorin, 564 F.2d 159 (4th Cir. 1977), cert. denied, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978); United States v. Legato, 480 F.2d 408 (5th Cir. 1973), cert. denied, 414 U.S. 979, 94 S.Ct. 295, 38 L.Ed.2d 223 (1973); United States v. Hernandez, 486 F.2d 614 (7th Cir. 1973), cert. denied, 415 U.S. 959, 94 S.Ct. 1488, 39 L.Ed.2d 574 (1974); United States v. Unverzagt, 424 F.2d 396 (8th Cir. 1970); People v. Lopez, 52 Cal.App.3d 263, 123 Cal.Rptr. 855 (1975); United States v. Walker, 294 A.2d 376 (D.C.App.1972), cert. denied, 414 U.S. 1007, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973); State v. Hetland, 366 So.2d 831 (Fla.App.1979); State v. Hobson, 95 Idaho 920, 523 P.2d 523 (1974); People v. McElroy, 44 Ill.App.3d 1047, 3 Ill.Dec. 495, 358 N.E.2d 1180 (1976); Commonwealth v. Anderson, 366 Mass. 394, 318 N.E.2d 834 (1974); People v. Tooks, 403 Mich. 568, 271 N.W.2d 503 (1978); State ex rel. H. B., 75 N.J. 243, 381 A.2d 759 (1977); People v. Kinlock, 43 N.Y.2d 832, 402 N.Y.S.2d 573, 373 N.E.2d 372 (1977); State v. Chatmon, 9 Wash. App. 741, 515 P.2d 530 (1973). But see United States v. DeVita, 526 F.2d 81 (9th Cir. 1975); Jackson v. State, 157 Ind.App. 662, 301 N.E.2d 370 (1973); Commonwealth v. Anderson, 481 Pa. 292, 392 A.2d 1298 (1978). Three decisions have disapproved stops based on information received from a police dispatcher, the source of which was not traced. See United States v. Robinson, 536 F.2d 1298 (9th Cir. 1976); Price v. State, 37 Md.App. 248, 376 A.2d 1158 (1977); State v. Benson, 198 Neb. 14, 251 N.W.2d 659 (1977), cert. denied, 434 U.S. 833, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977).