383 So.2d 1005 (1980)
STATE of Louisiana
v.
William DAVIS.
No. 65854.
Supreme Court of Louisiana.
April 7, 1980.
Dissenting Opinion May 23, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
Robert Glass, Bernard A. Horton, New Orleans, for defendant-appellant.
WATSON, Justice.[*]
Defendant William Davis was charged by bill of information with unlawful possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. He entered a plea of guilty, reserving his right to appeal from denial of a motion to suppress. State v. Crosby, 338 So.2d 584 (La., 1976).
The only issue on appeal relates to defendant's motion to suppress the revolver which was seized without a warrant at the time of his arrest.
On January 4, 1978, New Orleans Police Officer Jose Quiroz and his partner received a complaint from a radio dispatcher. An *1006 anonymous caller had reported that a person at Duke's Lounge was holding a concealed weapon. The subject was described as a black male, five feet, ten inches in height, weighing about 150 pounds; he was wearing a black hat, a white T-shirt, blue jeans, and a reddish-brown coat. He was reportedly seated near the end of the bar.
Officer Quiroz and his partner proceeded to the location and observed an individual seated at one end of the bar, who fit the reported description in every detail. As the officers approached the suspect, they noticed a brown paper bag in front of him. When the suspect saw them, he grabbed for the sack, but the officers seized it first and told defendant he was under arrest. A .38 caliber revolver containing four live bullets was found inside the bag.
The information provided by the unidentified caller, combined with independent police corroboration, provided reasonable cause for the officers to investigate the report of a weapon by approaching the defendant. State v. Bolden, 380 So.2d 40 (La., 1980); State v. Jernigan, 377 So.2d 1222 (La., 1979), and authorities cited therein. When the suspect responded to their approach by reaching for the bag, a dangerous situation was presented. Prompt police action was justified to generally protect the public safety and specifically prevent harm to those in the barroom. Under these circumstances, the police action was not unreasonable. The trial judge did not err in denying the motion to suppress.
AFFIRMED.
CALOGERO, J., dissents.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent for reasons given in my dissents in State v. Bolden, 380 So.2d 40 (La., 1980) No. 65,385, and State v. Jernigan, 377 So.2d 1222 (La., 1979).
NOTES
[*] Honorable EDWARD A. de la HOUSSAYE, III, participated in this decision as Associate Justice Ad Hoc.