391 So.2d 1116 (1980)
STATE of Louisiana
v.
Raymond DUPLESSIS.
No. 65903.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 10, 1980.
Dissenting Opinion December 16, 1980.
*1117 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Sheila C. Myers, Victor Ortiz, James Kevin McNary, Asst. Dist. Attys., for plaintiff-appellee.
Orleans Indigent Defender Program, Paul Katz, Clyde Merritt, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Early in the morning of May 18, 1979, New Orleans city police received an anonymous telephone call stating that a tall black male wearing cream colored pants and holding a brown leather case was carrying a concealed weapon. The suspect was said to be in the vicinity of the 1400 block of North Claiborne Avenue. This information was broadcast on the police radio. Two officers of the city police proceeded to the designated location and observed the defendant, who matched the given description. They approached the defendant, told him of the report they had received, and advised him that he was under investigation. They then asked the defendant what he had in the leather pouch clutched under his arm. According to the officers' uncontradicted testimony, the defendant handed over the bag, stating that he had just found it. An officer took the bag, felt the outline of a gun through the soft leather, and handed the bag to his partner, who opened it. The defendant was then arrested.
The defendant was charged with violating R.S. 14:95.1, possession of a concealed weapon by a convicted felon. Following the trial court's denial of a motion to suppress the introduction of the gun into evidence, the defendant pleaded guilty to the offense, reserving this appeal on the denial of the motion to suppress. On appeal, the defendant argues that an anonymous tip cannot justify a police-created "street encounter," and that evidence seized as a result of an illegal investigatory stop should be excluded from evidence.
Although one officer conducted a frisk of the defendant, the record indicates that the frisk was made after the defendant relinquished the bag. It is clear that the gun was not seized as a result of a "stop and frisk." See Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the defendant contends that the police were without legal justification in creating the initial encounter, and that the evidence could not have been discovered in the absence of such an encounter. In short, the defendant claims that the police violated his "right to be let alone." State v. Saia, 302 So.2d 869 (La.1974).
The Fourth Amendment of the United States Constitution and Article 1 § 5 of the Louisiana Constitution protect citizens from unreasonable searches and seizures. Implicit within this protection is a legal restraint upon the police from approaching citizens "under circumstances that make it seem that some form of detention is imminent unless they have probable cause to arrest the individual or reasonable grounds to detain the individual." State v. Saia, supra, at 873. However, the police do have the right to engage anyone in conversation, even without reasonable grounds to believe that they have committed a crime. State v. Neyrey, 383 So.2d 1222 (La.1979); State v. Shy, 373 So.2d 145 (La.1979); State *1118 v. Brown, 370 So.2d 547 (La.1979) (Dixon, J. concurring). Restraints are imposed upon police conduct only when the police attempt to encounter or detain a citizen against his will. As the court stated in Terry v. Ohio, supra:
"... It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has `seized' that person. ..." 392 U.S. at 16, 88 S.Ct. at 1877. 20 L.Ed.2d at 903. (Emphasis added).
The mere incident of a police officer encountering an individual in a public place does not, in and of itself, restrain that individual's "freedom to walk away." The police in this case parked their car ten feet away from where the defendant was standing and approached him on foot. They had done little more than explain their purpose when the defendant gave them the bag. These circumstances, as distinguished from the method used by the police in State v. Chopin, 372 So.2d 1222 (La.1979), do not indicate that "some form of official detention was imminent."
Even if the officers in the present case did not have reasonable grounds to accost the defendant in an initial encounter, it is essential to inquire whether the officers' actions "infringed upon the defendant's right to be left alone." State v. Ryan, 358 So.2d 1274, 1275 (La.1978). If the defendant voluntarily gave up the bag before the police intruded upon his right to be free from unjustified governmental interference, the gun can properly be admitted into evidence. This is similar to the case in which a person abandons property prior to any unlawful intrusion by the police. See State v. Chopin, supra; State v. Ryan, supra. In the instant case, the defendant was told that "if he'd done nothing wrong, then he could just go about his business." When asked what he had in the bag he was holding, the defendant voluntarily handed it over. Had the defendant chosen to keep possession of the bag, or to remain silent, the issues in this case would be entirely different. If the police had seized the bag from the defendant without his consent, the question to be addressed would be whether such a search and seizure was based on probable cause or other reasonable grounds. C.Cr.P. 215.1; State v. Davis, 383 So.2d 1005 (La.1980); State v. Bolden, 380 So.2d 40 (La.1980); State v. Jernigan, 377 So.2d 1222 (La.1979). The defendant foreclosed any evaluation of these issues by voluntarily cooperating with the police. The record does not indicate that the defendant was coerced into doing so. The record does indicate that the defendant chose to relinquish the bag, apparently in an attempt to create the appearance of innocence, since he simultaneously made an exculpatory remark. It was this misguided ploy that resulted in the discovery of the evidence, rather than any forcible intrusion by the police.
We reiterate that no one is required to stop or to answer questions posed by police under circumstances in which the Fourth Amendment protections are operative. However, when one who is suspected of a crime voluntarily complies with a police request, to his own detriment, he cannot reclaim the rights which he has waived.
The conviction and sentence are affirmed.
MARCUS, J., concurs and assigns reasons.
DENNIS, J., dissents with reasons.
MARCUS, Justice (concurring).
The information provided by the unidentified caller, combined with independent police corroboration, provided reasonable cause for the officers to investigate the report of a concealed weapon by approaching the defendant. Hence, the initial detention of defendant was justified. State v. Davis, 383 So.2d 1005 (La.1980); State v. Bolden, 380 So.2d 40 (La.1980); State v. Jernigan, 377 So.2d 1222 (La.1979). I agree with the majority's finding that defendant voluntarily complied with the officers' request to hand over the bag containing the gun. Accordingly, I respectfully concur.
DENNIS, Justice, dissenting.
When the police officers approached and stopped Duplessis, a seizure for Fourth *1119 Amendment purposes occurred because a reasonable person in defendant's position would have believed that he was not free to leave. See United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (opinion of Justice Stewart) and 100 S.Ct. at 1880 n.1 (opinion of Justice Powell). Further, the officers did not have enough trustworthy information to warrant such a stop. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). I continue to adhere to the view I expressed in my dissent in State v. Jernigan, 377 So.2d 1222 (La.1979), that an anonymous tip alone cannot supply reasonable cause to justify an intrusion on a person's liberty.
Therefore, I respectfully dissent.