E. L. GUIDRY, Jr., Justice Ad Hoc.**
On May 22, 1980, defendant, Harry P. Frisch, Jr., was charged by bill of information with possession of a controlled dangerous substance, to-wit: Methaqualone, a violation of La.R.S. 40:967. On June 23, 1980 defendant filed a motion to suppress the evidence. After a hearing conducted on June 26, 1980, the trial court granted the motion. On application of the State we granted writs to review this ruling. (La.) 390 So.2d 209 (1980).
The record reflects the following to be the uncontroverted facts surrounding defendant’s arrest and the seizure by the arresting officers of four Methaqualone tablets from his person.
At approximately 10:45 P.M. on May 7, 1980, the defendant entered a Time-Saver convenience store located at 11040 Morrison Road in the City of New Orleans. At the time defendant entered the store the Cashier, Rose Williams, and another female employee were alone. The defendant went about the store for approximately fifteen to twenty minutes picking up merchandise and returning same to the shelves. Finally, defendant selected some oil from the automotive section and after approaching the counter began to question Ms. Williams. Defendant’s questions concerned the store’s security arrangements, the hours of operation and whether a security officer was present at closing time. During the conversation defendant informed Ms. Williams that he was a police officer and would require a receipt for his purchase in order that he might seek reimbursement from the police department. Defendant then left the store but remained outside on the parking lot directly in front of the store. Ms. Williams described the defendant’s actions and her feeling following defendant’s departure from the store as follows:
“... So, I gave him the receipt and he went outside and he was kind of like, you *1222 know, leaning and rocking, like, you know, maybe he was intoxicated, and Carolyn and I discussed it when he went outside and said, ‘If he was a police officer, he wouldn't be in this kind of condition.’
And he kept looking in the store, and he must have stayed out there for another fifteen minutes or twenty minutes just fooling around with the car. So we decided that we better call the police just in case, you know, or whatever, but more or less, we was just really afraid that he might be up to something.”
The police were in fact called and arrived at the scene at approximately 11:15 P.M. When the officers arrived they observed the defendant standing next to his car. Upon approaching the defendant the officers observed a police portable blue light on the dashboard of his car. The officers asked the defendant if he was a police officer however, he refused to respond. When the officers looked over to the store they saw the female employees pointing at the defendant. One of the officers then grabbed the defendant and searched him for a weapon. While one of the officers detained the defendant the other officer interviewed the Time-Saver employees. Following this interview the officer returned outside, related the contents of the interview to his partner, whereupon the defendant was placed under arrest for impersonating a police officer. After the defendant was placed under arrest he was thoroughly searched. As a result of this search the officers discovered four Methaqualone tablets in defendant’s left shirt pocket.
Before trial defendant’s motion to suppress this evidence was granted. For the reasons which follow we conclude that under the circumstances the trial court erred in granting defendant’s motion to suppress.
The right of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity is well recognized. La.Code Crim.P. Art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Dixon, 337 So.2d 1165 (La.1976). The question as to whether reasonable cause sufficient to detain exists is determined from the attendant facts and circumstances. In the instant case we find that the officers had sufficient knowledge of particular circumstances, i. e., the report of suspicious activity by the Time-Saver employees, the pointing out of the suspect and the officer’s own observation of the defendant and the blue light on the automobile dashboard, all of which when considered together warranted their action in temporarily detaining the defendant. We conclude further that the officers had probable cause to arrest the defendant for impersonating a police officer, a violation of La.R.S. 14:112[1] and thus the warrantless search of defendant’s person following his arrest was justified. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
In the recent case of State v. Tomasetti, 381 So.2d 420 (La.1980) we had occasion to discuss the essential requirements for validity of a warrantless search incident to a lawful arrest. In that case we stated:
“It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable — subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. Califor *1223 nia, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search is justified in order to discover weapons that may threaten the safety of the arresting officer and to prevent the concealment and destruction of evidence. It has been recently confirmed that an arrest made in a public place without a warrant is valid if founded on probable cause, regardless of the presence or absence of exigent circumstances. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). But, in order to justify a search as incident to an arrest, an arrest must have already occurred and the arrest itself must have been lawful. State v. Marks, 337 So.2d 1177 (La.1976). Finally, when the constitutionality of a warrant-less search is at issue at a suppression hearing, the state must bear the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).

La.Code Crim.P. art. 201 defines ‘arrest’ as follows:

Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.

The statutory definition of ‘arrest’ is keyed to the concept of restraint. It is the circumstances indicating an intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer’s statement: ‘You are under arrest,’ that are determinative of when an arrest is actually made. State v. Marks, supra; State v. Warren, 283 So.2d 740 (La.1973)....

A warrantless arrest, no less than an arrest pursuant to a validly-issued warrant, must be based on probable cause. State v. Thomas, 349 So.2d 270 (La.1977). Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks, supra. Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Marks, supra. Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Marks, supra. ”

No good purpose would be served by a reiteration of the previously recited facts in light of the criteria set forth above. Suffice it to say that we find that at the time of defendant’s arrest the officers involved had knowledge of such facts and circumstances sufficient to justify a belief that the defendant had committed the crime of false personation. Thus the warrantless search of his person following his arrest, which search disclosed the evidence sought to be suppressed, was justified.
For the reasons assigned the judgment of the trial court granting defendant’s motion to suppress the evidence is reversed and set aside and it is now ordered that such motion be dismissed. This matter is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
DIXON, C. J., concurs.

 Judges E. L. Guidry, Jr., J. Burton Foret and P. J. Laborde, of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.

. “False personation is the performance of any of the following acts with the intent to injure or defraud, or to obtain or secure any special privilege or advantage:
(1) Impersonating any public officer, or private individual having special authority by law to perform an act affecting the rights or interests of another, or the assuming, without authority, of any uniform or badge by which such officer or person is lawfully distinguished; or (2) Performing any act purporting to be official in such assumed character.
Whoever commits the crime of false personation shall be fined not more than one hundred dollars, or imprisoned for not more than ninety days, or both.”