CIACCIO, Judge.
Upon application of the State, we granted a writ of certiorari to review the ruling of the district court granting defendant’s motion to suppress evidence. We now reverse.
The only witness to testify at the hearing on the motion to suppress was the arresting officer. He narrated the following events: On January 5th about 2:00 a.m. he met with an informant who told him that a black male named Bernard was selling cocaine at various bars on Daneel Street. The informant further described Bernard as being between 20 and 25 years of age, about 5'7" tall, weighing 150 pounds, and wearing a blue knit hat, black leather jacket and blue jeans. At about 2:30 a.m. the informant told the officer that Bernard was selling drugs at J.P.’s Bar and Restaurant. The officer travelled in his car on Daneel Street and passed J.P.’s Bar and Restaurant. He observed a subject fitting the informant’s description of Bernard talking to two other black males. With his partner in the car with him, the officer drove around the block hoping to establish surveillance of the subject when he returned to Daneel Street. When the officers returned to Daneel Street the subject was observed crossing First Street at Daneel with another black male. The subject appeared to notice the officers and became nervous and attempted to walk away. The officers got out of their car, identified themselves as police officers and stopped the two subjects. The subject thought to be Bernard was asked to identify himself. He said his name was Bernard Lee. The officer advised Mr. Lee that he was under investigation for possession of narcotics, advised him of his “constitutional rights” (presumably as per Miranda), and asked him to walk over to the police car. Mr. Lee told the officer, “Officer can I talk. I have *1118 some stuff.” , The officer said Mr. Lee was trembling, very nervous, very talkative. The officer conducted a frisk of Mr. Lee and found a large bulge in his waistband. This bulge was the evidence seized by the officer and suppressed by the district court.
La.C.Cr.P. Art. 215.1 permits an officer to “stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.” Reasonable suspicion, required for an Art. 215.1 investigatory stop, is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Keller, 403 So.2d 693 (La.1981).
An informant’s tip can provide a police officer with reasonable cause to detain and question a suspect. State v. Jernigan, 377 So.2d 1222 (La.1979); State v. Bolden, 380 So.2d 40 (La.1980). Informants’ tips vary greatly, however, in their value and reliability, rendering impossible one rule to cover every situation. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). The information received must carry enough indicia of reliability to justify the stop.
The information provided to the officer in this case included a detailed description of an individual engaged in illicit drup trafficking at a particular location in the city. When the officer arrived at that particular location he observed an individual fitting the description provided by the informant. When the individual noticed the officers he became nervous and began to walk away. Although the officer did not observe the suspect engage in any illegal activity, we find that based upon the information provided and its subsequent corroboration, the officer had reasonable cause to suspect sufficient to justify an investigatory stop.
As noted above, La.C.Cr.P. Art. 215.1 permits an officer with reasonable cause to make an investigatory stop to demand of the individual stopped “his name, address and an explanation of his actions.” The officer in this case testified that when he stopped the defendant he asked him his name. When the defendant furnished the name “Bernard Lee” (the informant had provided the name “Bernard”), the officer told him that he was under investigation for possession of narcotics, advised him of his “constitutional rights”, and asked him to walk over to the police car. We find nothing improper with this procedure.
Before the officer had an opportunity to inquire of defendant an explanation of his actions, defendant stated, “Officer, can I talk, I have some stuff.” This spontaneous, unsolicited admission by defendant provided the officer with probable cause to believe that the defendant possessed contraband. The officer was justified, therefor, in conducting the frisk of defendant’s person which led to the discovery and seizure of the evidence defendant seeks to suppress.
Because we find that the officer had reasonable cause to conduct an investigatory stop, that the procedure employed during the stop was proper, and that the officer’s reasonable suspicions blossomed into probable cause to search on the basis of information voluntarily provided by the defendant, we hold that the trial court erred in granting defendant’s motion to suppress evidence. Accordingly, the ruling of the district court is reversed, the motion to suppress evidence is denied, and the matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED