669 So.2d 499 (1996)
STATE of Louisiana
v.
Carroll J. HEBERT.
No. 95-KA-1563.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
*501 Harry F. Connick, District Attorney, Susan M. Erlanger, Assistant District Attorney, New Orleans, for Plaintiff-Appellee.
Gregory K. Voigt, Michael D. Singletary, New Orleans, for Defendant-Appellant.
Before BARRY, KLEES and BYRNES, JJ.
KLEES, Judge.
On January 22, 1993, the appellant was charged with possession of heroin. On August 19, he withdrew his original plea and entered a plea under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal a pre-trial issue. On December 3, the appellant was sentenced under the provisions of La.R.S. 40:983 and placed on five years active probation with special conditions. The state noted its objection to the plea and sentencing under La.R.S. 40:983, and sought writs with this court. In State v. Carroll J. Hebert, unpub., 93-K-2549 (La.App. 4th Cir. 3/24/94), this court vacated the appellant's sentence, finding that he was ineligible for probation under La.R.S. 40:983 because he had two prior convictions under Title 40. The case was then remanded.
On October 14, 1994, the trial court sentenced the appellant to the minimum term of four years at hard labor, but suspended the sentence and placed the defendant on five years probation, citing as authority State v. Dorthey, 623 So.2d 1276 (La.1993). The state again took writs to this court. This court concluded that Dorthey, which held that a trial court could sentence below the statutory minimum if it found the statutory minimum sentence was constitutionally excessive in a particular case, applied only to sentences under the multiple offender statute. The sentence was vacated and the case remanded to the trial court for resentencing in accordance with the La.R.S. 40:966, the statute for the substantive offense. State v. Hebert, 94-2223 (La.App. 4th Cir. 3/16/95), 652 So.2d 1049.
On April 21, 1995 the trial court sentenced the appellant to the statutory minimum term of four years at hard labor, plus court costs or an additional thirty days in the parish prison. The appellant, in proper person, then moved for his Crosby appeal. Counsel was appointed to represent him.
On June 7, 1995 the state filed a motion to reconsider and/or correct an illegal sentence, noting that the trial court had not imposed the sentence without benefit of probation or suspension of sentence, as required by the substantive statute. However, the state withdrew its motion prior to hearing.

FACTS[1]
On the afternoon of December 22, 1992, Officer Marjorie Powell of NOPD responded to an anonymous call relative to suspicious activity at the corner of Thalia and Broad Streets. The caller described a white male with long black hair and a goatee, wearing a white shirt and blue pants, in the company of a four-year-old girl. The caller also described a white male wearing tan pants and seated in a beige vehicle. The caller suspected that the subjects were dealing drugs. Officer Powell relocated to the scene and observed the defendant, who fit the description of the first subject, sitting on the corner with a little girl. The officer and her partner were unable to locate any other white male or vehicle.
The officers pulled up and talked to the defendant for a couple of minutes before *502 Officer Powell observed a bulge in the defendant's right pocket and decided to do a protective search. She told the defendant she was going to put him on the car and pat him down. As the defendant was walking towards the police vehicle, he took his left hand and motioned as if to pull his hair back. When he did that, Officer Powell saw something go into his mouth. She told him to spit it out. The defendant spit out four foil packets, which Powell believed contained heroin.
The bulge in the defendant's pocket was not from a weapon or any illegal substance. However, on patting down the defendant's leg, the officers found three syringes in the defendant's sock.
Officer Powell noted that, in addition to the defendant's matching the description given by the anonymous caller, the area in which the defendant was located has a high incidence of suspicious person calls, and calls relative to shootings, shooting-related criminal damage to property and drug-related offenses. She admitted that she did not observe the defendant do anything suspicious until after she saw the bulge and decided to do a patdown.

PATENT ERROR REVIEW
A review of the record for patent errors reveals that the trial court failed to state the appellant's sentence is to be served without benefit of probation or suspension of sentence, as required by the substantive statute. The error was raised by the state in a motion before the trial court, but that motion was subsequently withdrawn. Because this is an error favorable to the defendant not raised by the state on appeal, it may not be corrected by this court. State v. Fraser, 484 So.2d 122 (La.1986).
In addition, the record reveals that the appellant was sentenced to additional jail time should he default on the payment of court costs. Though represented by private counsel at trial, a defendant represented by appointed counsel on appeal is presumed indigent and cannot be ordered to serve additional jail time in lieu of the payment of costs. State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990). The appellant was represented by private counsel at his guilty plea and original sentencing, but was represented by appointed counsel on this appeal. Accordingly, the additional jail time imposed in default of the payment of court costs should be deleted from his sentence.

ASSIGNMENT OF ERROR
The appellant avers that the trial court erred in its denial of the motion to suppress evidence. Appellant contends that the officers lacked reasonable suspicion to conduct the patdown and therefore cannot rely on subsequent probable cause relative to the foil packets in his mouth.
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986).
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62 (La. 1993). The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied, 578 So.2d 131 (La.1991); State v. *503 Burnett, 513 So.2d 391 (La.App. 4th Cir. 1987).
The Louisiana Code of Criminal Procedure Article 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. If an officer stops a person pursuant to C.Cr.P. art. 215.1, he may conduct a limited patdown frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. See Terry v. Ohio, 392 U.S. at 26, 88 S.Ct. at 1882.
The state maintains that the officer had reasonable suspicion to make the stop, which ripened into probable cause for arrest when the appellant placed the foil packets into his mouth. It is the first conclusion, not the second, which is troubling. The reasonable suspicion in this case hinges on the word of an anonymous caller whose physical description of a subject is corroborated by the police officer's observations. The state cites numerous cases which hold that this factor is sufficient for reasonable suspicion to approach the subject. However, in each of those cases, the caller advised that the described subject was seen with a concealed weapon, making a frisk for weapons necessary. See State v. Duplessis, 391 So.2d 1116, 1118 (La.1980) (concurring opinion); State v. Davis, 383 So.2d 1005, 1006 (La.1980); State v. Bolden, 380 So.2d 40, 42 (La.1980), cert. den., 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980); State v. Jernigan, 377 So.2d 1222 (La.1979), cert. den., 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980).
In the instant case, the caller advised of a suspected drug transaction, not a concealed weapon. The police officers personally observed no suspicious conduct. Although Officer Powell testified that the appellant was in an area known for a significant amount of shootings and drug activity, she never said she was in danger, only that she noticed a bulge in the subject's pants.
As noted by the trial court, this case "turns on a hair." The trial court determined that the state's case was "just barely good." We agree with the trial court. The officer had reasonable suspicion to stop and investigate because the appellant matched the description given by the caller. The officer then had the right to frisk the appellant after noting a bulge in his pocket. At that point, the appellant was seen putting something into his mouth, which raised the level of suspicion to probable cause justifying a search incident to arrest. The motion to suppress was properly denied.
Accordingly, we affirm the conviction of defendant Carroll J. Hebert, but in all other respects the sentence is affirmed.
CONVICTION AFFIRMED. SENTENCE AMENDED AND AS AMENDED AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, J., dissenting with reasons.
The defendant was sitting on a street corner with a little girl when the police officers confronted him. The police had responded to an anonymous call relative to "suspicious activity" at the street corner. The police officers had no reason to believe that the defendant was committing, had committed or was about to commit an offense. See La. C.C.P. art. 215.1.
There is no evidence to establish that the officers had "reasonable suspicion of criminal conduct". Nor was there any objective manifestation of criminal conduct, or reasonable grounds to believe that the defendant was wanted for past criminal conduct.
The State relies on the anonymous caller in an effort to establish "reasonable suspicion" to stop the defendant. There was no basis to frisk for a weapon.
The police officers never observed suspicious conduct and Officer Powell testified that she was not in danger.
I therefore respectfully dissent on the affirmation of the conviction.
NOTES
[1] The facts are taken from the motion to suppress evidence hearing.