389 So.2d 60 (1980)
STATE of Louisiana
v.
Kenneth Wayne WILLIAMS.
No. 66961.
Supreme Court of Louisiana.
October 6, 1980.
*61 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lavalle B. Salomon, Asst. Dist. Atty., for plaintiff-appellee.
Smith & Hingle, Gilmer P. Hingle, Monroe, for defendant-appellant.
WATSON, Justice.
Defendant, Kenneth Wayne Williams, was convicted by a twelve person jury of attempted simple burglary of an inhabited dwelling. LSA-R.S. 14:62.2 and LSA-R.S. 14:27. Defendant was sentenced to five years at hard labor and has appealed his conviction and sentence, relying on twenty-one assignments of error. Only the first of these assignments of error warrants discussion; the others are completely without merit.
FACTS:
Donna Bethea testified that her husband Alfred went to work around 6:30 A.M. on May 30, 1979. Alfred worked out-doors. She was expecting his return because it had started raining. The trailer door was therefore left unlocked. She read in the bedroom for approximately fifteen minutes, heard a car outside and got up to greet her husband. She saw a man running down the hallway who jumped out the back door. Alfred's sister, Lisa Bethea, sleeping on the living room couch, was awakened by her sister-in-law's screams. The intruder was Williams, who lived in another trailer in the same park. Donna was familiar with his appearance because her husband had jump-started the car he used and had sold his roommate a battery. Williams was described as wearing a dark blue uniform shirt and pants. Donna's purse was lying open on the living room floor with the contents spilled out and disarranged. Approximately $90 to $100 was missing from the wallet. One of the neighbors called the police and they arrived promptly. Alfred Bethea observed a green Pontiac parked outside his trailer and also saw Williams fleeing the scene. The car belonged to defendant's roommate, Ray Wyatt. Alfred was so angry and upset after he talked to his wife that he knocked all of the glass out of the green Pontiac. Defendant Williams appeared on the scene not long after the police arrived wearing rust colored clothes. A search revealed a damp navy blue shirt and pants in the trailer shared by Williams and Wyatt. No money was found.

ASSIGNMENT OF ERROR NUMBER ONE
Defense counsel filed a motion for production asking for the record of convictions on State's witnesses Donna and Alfred Bethea. The State did not respond to the motion. At a hearing the defense contended that it needed the conviction records for impeachment purposes, but the trial court ruled that they were not subject to discovery. However, he noted that:
"Well, at this point I'm going to deny it, but I am not going to ... say that there's no way that you can get that information. I think that there is a way that you can get that information at the proper time, that you can ask for it and... in fact, I would let you have it, at this point, I think not." (Tr. 152)
In his per curiam to this assignment, the trial court indicated that, at trial, if a state witness had denied a conviction and there was a "R.A.P. Sheet", he would have ordered its production. (Tr. 98)
*62 State v. Harvey, 358 So.2d 1224 (La., 1978) held that the prior criminal records of prospective State witnesses were exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, State v. Harvey, 358 So.2d 1224 (La., 1978); State v. May, 339 So.2d 764 (La., 1976); and Brady, supra, were all concerned with impeaching the credibility of those involved with the defendant in commission of the crimes. In those situations, the requested information may have been relevant and material for impeachment purposes. However, this defendant was not seeking to impeach the testimony of a co-conspirator, but that of the complaining victims of the crime. Even if this couple had criminal convictions, which is not indicated, that evidence would not be relevant to the question of Williams' guilt.
It is significant that the trial court here, in denying the information, stated, in effect, that the request was premature. See State v. Holmes, 347 So.2d 221 (La., 1977). At trial, Donna Bethea was not questioned about prior convictions. Alfred Bethea admitted to being convicted of several traffic violations, but denied any felony convictions. At this point, the defense did not renew its request for a conviction record on Alfred Bethea. If defense counsel disbelieved Alfred Bethea's denial of previous felony convictions, he should have moved for disclosure of his conviction record at that time.
Further, even if defendant had been entitled to the requested information prior to trial, and there had been a record on Alfred Bethea, the outcome of the trial would not have been affected. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The unimpeached testimony of Donna Bethea, corroborated by circumstantial evidence, remained. The other evidence of guilt is overwhelming.
For the foregoing reasons, the conviction and sentence of defendant, Kenneth Wayne Williams, are affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
DENNIS, J., dissents for the reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
When a defendant makes a request for specific evidence which is material and which may be exculpatory, the prosecution must respond either by furnishing the information or by submitting the evidence to the trial judge for an in camera inspection.[1]United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
The trial court's denial of the request as premature placed defense counsel in the unfair position of having to inquire blindly at trial about prior convictions which might bear on the witness' credibility, with possible damaging and prejudicial results. If defense counsel was entitled to the rap sheet at all, he was entitled to it prior to trial.
The other assignments of error are without merit, but before affirming the conviction, I would remand for a hearing to determine if the requested evidence was exculpatory and might have affected the verdict.[2]
NOTES
[1] In State v. Toledano, (La. 1980) (No. 66,727), four of the justices of this court apparently agreed that a witness' rap sheet had to be produced when specifically requested, even when the witness was a juvenile.
[2] Defendant should have urged this error in moving for a new trial, at which time the trial court presumably would have granted defendant access to the rap sheet in connection with the motion, and the entire matter would be before this court now for review.