BYRNES, Judge.
Defendant, Frank Beckendorf, was charged by bill of information with the theft of property valued at $145.90, a violation of La.RS 14:67, and with malfeasance in office, a violation of La.RS 14:134. Beckendorf waived trial by jury and was found guilty of the malfeasance charge. He was also found guilty of the theft of property valued at $129.95. A motion for new trial based on newly discovered evidence was denied and this appeal followed. *67 Beckendorf contends that the trial judge erred by denying his motion. We do not agree and affirm both the conviction and sentence.
FACTS
On August 24, 1982 employees of the Radio Shack store located on Frenchmen Street in New Orleans observed the defendant, Police Officer Frank Beckendorf, carrying a large cardboard box out of the store. An eye witness testified that she also saw the defendant pick up a “power strip,” walk into a store room and emerge carrying a large cardboard box. A check of the store’s inventory revealed that a power strip was missing. Employees of the store testified that none of them had given Beckendorf permission to remove any equipment. One of the employees reported the possible theft of the power strip to the police. It was during the investigation of this possible theft that the police uncovered the crimes with which the defendant is charged; the theft of a cassette deck and the filing of a false police report.
The assistant manager of the store testified that prior to power strip incident, Beckendorf had asked him to borrow some stereo equipment. Beckendorf made the same request to the manager of the store who agreed to lend him a cassette deck, turntable, cartridge and a mixer, with the stipulation that Beckendorf return them on Friday August 27th. On that day Becken-dorf told the manager he wasn’t finished with the equipment but would return it on Monday. That Monday Beckendorf returned all the equipment except the cassette deck.
The manager testified that Beckendorf wanted to keep the deck, and told the manager he would write out a false police report listing it as stolen to cover the store’s loss. He further testified that because Beckendorf already had the deck in his possession he felt he had no alternative but to follow the plan. He also stated that he did not ask Beckendorf to write the report but was afraid to report the incident to the police because Beckendorf himself was a police officer. Finally he testified that while it was against company policy to lend equipment he had only been a manager a few. months and made the loan to Becken-dorf before he knew of the policy. Nothing else was ever lent to Beckendorf by the manager. The assistant manager testified that other loans of equipment had been made to Beckendorf and other police officers in the past.
When questioned by the Office of Municipal Investigation concerning the equipment Beckendorf voluntarily took inyesti-gators to his home and gave them the power strip, the cassette deck and a telephone answering machine he had been lent earlier. Beckendorf testified that he filed a theft report on the cassette deck because the manager had told him that one was missing. Beckendorf asserts that he did not realize the missing deck was the one he possessed. He further testified that he did not intend to keep the power strip or cassette deck, but had planned to return the equipment when he finished using it.
ERRORS PATENT
We have reviewed the record for errors patent and find none.
SUFFICIENCY OF EVIDENCE
We have also reviewed the record of defendant’s conviction for sufficiency of the evidence and conclude that a rational trier of fact, viewing the facts in the light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt.
ASSIGNMENT OF ERROR
By his one assignment of error, Becken-dorf contends that the trial court erred by denying his motion for new trial based upon newly discovered evidence. This evidence consisted of the testimony of one Gregory Dendinger, who testified that he overheard the assistant manager agree to lend the telephone answering machine to Beckendorf and also overheard the two dis *68 cuss the possibility of a loan of the cassette deck.
La.C.Cr.P. Art. 851 provides in part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
* * * * * *
The court, on motion of the defendant, shall grant a new trial whenever: (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty[.]
To justify a new trial the defendant must establish two things. He first must show that the evidence is in fact newly discovered and could not have been discovered earlier by the exercise of due diligence. He must also show that this new evidence is so material that its introduction ought to produce a different result from the verdict reached. State v. Clayton, 427 So.2d 827 (La.1983). State v. Motton, 395 So.2d 1337 (La.1981).
The trial judge is given great discretion in ruling on a motion for a new trial and his evaluation of the reliability or materiality of testimony and its potential impact on a verdict will not be disturbed in the absence of a clear showing of abuse of discretion. State v. Fuller, 414 So.2d 306 (La.1982). State v. Molinario, 400 So.2d 596 (La.1981).
In the present case, Dendinger testified that he was in Alabama at the time of trial and did not tell the defendant until after the trial that he had overheard the conversations. However, Dendinger also testified that Beckendorf knew he was in the store when those conversations took place and Beckendorf did not contend that he was unable to contact Dendinger prior to trial. Thus, it does not appear that Beckendorf carried his initial burden of showing that Dendinger’s testimony was undiscoverable prior to trial. Moreover, even if this evidence was undiscoverable prior to trial, Beckendorf has not proven that it was so material that its introduction ought to have produced a different result.
The conversations which Dendinger overheard only tended to confirm that Becken-dorf received the loan of a telephone answering machine from the assistant manager of the Radio Shack. Because this is a fact to which both the assistant manager and Beckendorf had testified at trial, Den-dinger’s testimony on this issue appears to be cummulative. Dendinger also testified that he overheard Beckendorf and the assistant manager discussing the possibility of a loan of the cassette deck. However, the manager had already testified at trial that he loaned the deck to Beckendorf, who later decided to keep it and confected the false police report to accomplish this purpose.
Viewing these circumstances we cannot say that the introduction of Dendinger’s testimony should have compelled the trier of fact to reach a different verdict. He did not testify that Beckendorf intended to return the cassette deck or that a false police report was not filed. Rather his testimony appears to be cumulative and of little probative value. The trial court did not abuse its discretion by denying Beckendorf’s motion for a new trial.
For the foregoing reasons the defendant’s sentence and conviction are affirmed.
AFFIRMED.