478 So.2d 163 (1985)
STATE of Louisiana
v.
Alfred ANDERSON.
No. K 3285.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1985.
*164 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Dolores V. Mason Smith, Asst. Dist. Atty., New Orleans, for State.
Malcolm G. Mundy, Jr. New Orleans, for defendant.
Before REDMANN, C.J., and BARRY and KLEES, JJ.
PER CURIAM.
We granted certiorari to review and we now reverse a suppression of physical evidence. We conclude that the evidence was not seized as the result of an illegal arrest as contended by respondent.
On October 29, 1984 at 5:45 p.m. Officers Edward Worthy and George Chenevert of the New Orleans Police Department received a call from the police dispatcher over the police radio that a suspicious person was carrying a gun in the vicinity of Washington avenue and Annunciation street in New Orleans. That person was described as a black male wearing a green hospital type shirt, white short pants and white tennis shoes.
About four blocks from the described intersection the officers saw the defendant, dressed in a green hospital type shirt, white short pants and white tennis shoes and thus matching the suspect's description. When the officers spotted the defendant he was leaning into a car. As the officers approached in their marked patrol car, the other car "took off" and the defendant was observed standing on the corner with two other males.
Officers Worthy and Chenevert got out of their car and informed the defendant he was being stopped because he resembled the description of a man allegedly carrying a gun, whereupon Officer Chenevert confiscated a green hand towel which the defendant had been holding. Chenevert noticed a clear plastic "baggie" protruding from the edges of the towel and recognized what he believed to be phencyclidine (PCP). Officer Chenevert then advised the defendant he was under arrest for possession of phencyclidine and he was then searched. The subsequent search produced a small Vivitar camera under the defendant's shirt, silver tin-foil found in his shirt pocket (apparently containing more phencyclidine) and a small vial of cocaine taken from his pants pocket.
Defendant successfully moved to suppress the evidence on grounds that the seizure of the towel occurred in violation of his constitutional rights and as a result of an illegal arrest. From this ruling the state applied for and we granted review.
C.Cr.P. 215.1, in addition to federal and state jurisprudence, recognizes the right of police officers to stop and interrogate a person reasonably suspected of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jernigan, 377 So.2d 1222 (La. 1979), cert. denied 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980).
"[R]easonable cause for an investigatory detention is something less than probable cause and must be determined under the facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is or is about to be engaged in criminal conduct." State v. Belton, 441 So.2d 1195, 1198 (La.1983).
Reasonable cause to stop and detain a person suspected of criminal activity may be provided by information given by an anonymous informant. Jernigan, supra, at 1225. The present case involves an anonymous tip received by police officers, quite similar in content to that in Jernigan. The police officers were able, based upon the tip, to locate an individual matching the description of the alleged gun carrier approximately four blocks from the corner *165 given by the tipster. As in Jernigan, at 1225, "Clearly, defendant was the person accused by the tipster." Moreover, when the officers found a person clearly matching the description of the alleged gun-carrier on the street, but the gun was not visible, they had reasonable cause to suspect that that person was carrying the weapon concealed, itself criminal conduct, justifying the officers in stopping the defendant as authorized by C.Cr.P. 215.1.
"Once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances where he reasonably suspects he is in danger of life or limb. La. Code Crim.P. art. 215.1(B)." Jernigan, at 1225. "It is sufficient that an officer establish a `substantial possibility' of danger by pointing to particular facts which support such a reasonable inference." State v. Bolden, 380 So.2d 40 at 42 (La. 1980), cert. denied 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980) (citing State v. Hunter, 375 So.2d 99 at 101 (La. 1979)).
Officer Chenevert, who removed the towel from the defendant's grasp, testified that he took the towel for his own protection as he did not know what could be inside. Chenevert was also asked if he could tell whether or not there was a gun in the hand towel. He replied: "A gun can be very small, and you can conceal it in your hand without the towel." The circumstances provide sufficient and particular facts to support a reasonable inference of a "substantial possibility" of danger as required by C.Cr.P. 215.1(B) and State v. Bolden, supra. It was plausible for Officer Chenevert to have a reasonable fear for his own safety as well as for those nearby, and it was appropriate for him to seize the towel, a very expectable location of the possible concealed weapon, to protect himself.
The police officer "... is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons [those who may be armed and presently dangerous] in an attempt to discover weapons which may be used to assault him." Terry v. Ohio, 392 U.S. 30, 31, 88 S.Ct. 1884, 1885, 20 L.Ed.2d 911 (1968).
The Louisiana Supreme Court, too, has upheld police officers' searching an article other than outer clothing to determine whether a suspect was armed. State v. Davis, 383 So.2d 1005 (La.1980), involved police officers acting upon an anonymous tip describing a suspect who was to be found at a cocktail lounge, allegedly carrying a concealed weapon. The officers went to the lounge and saw a patron (the defendant) seated at the bar who matched the description given to them.
"As the officers approached the suspect, they noticed a brown paper bag in front of him. When the suspect saw them, he grabbed for the sack but the officers seized it first and told the defendant he was under arrest. A .38 caliber revolver containing four live bullets was found inside the bag." Id. at 1006.
The court found that this particular fact situation justified quick action by the police to protect the public and those in the barroom from the dangerous situation which occurred when the defendant went to grab for the bag. In our case, too, the officers had reason to believe the seized towel might contain a gun.
The Louisiana Supreme Court has held:
"Officers may conduct a limited search for weapons during a lawful investigatory stop, where such a search is necessary to neutralize the threat of physical harm. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police officer is not required to stand by and give the suspect the first move before taking action. See: State v. Wade, 390 So.2d 1309 (La.1980). Accordingly an officer has a right to take a weapon into custody for his own protection. State v. Reed, 388 So.2d 776 (La., 1980)." State v. Cobb, 419 So.2d 1237, 1242 (La.1982).
Officer Chenevert testified that after the towel was in his possession he could tell that a gun was not enclosed in the towel. However, he did see a clear plastic "baggie" *166 protruding from the edges of the folded towel. Chenevert recognized what he believed to be phencyclidine in the "baggie" and placed the defendant under arrest. The state argues that the phecyclidine inside the towel came into plain view after the seizure of the towel and thus is admissible as evidence against the defendant.
The requirements for lawful seizure under the plain view warrantless search exception are:
"(1) That there be a prior justification for police intrusion into a protected area;
(2) That the evidence be discovered inadvertently;
(3) That it be immediately apparent, without close inspection, that the items are evidence or contraband." State v. Pomes, 376 So.2d 133 (La. 1979).
We have already concluded that there was a prior justification for seizing the hand towel, as the officers believed it could contain a weapon. If we assume that the defendant had a reasonable expectation of privacy in the contents of his hand towel, the question then becomes whether the contents of the "baggie" were discovered inadvertently and were immediately apparent as seizable evidence or contraband.
The contents of the baggie, according to the testimony of Officer Chenevert, were visible in the baggie protruding from the edges of the towel when it was taken from the defendant. Chenevert, an experienced police officer, recognized the contents of the baggie as probably phencyclidine and advised the defendant that he was under arrest. With this sequence of events, the requirements set forth in State v. Pomes have been met and the seizure was within the plain view exception.
Finally, it must be determined whether the defendant's subsequent arrest for possession of phencyclidine was based upon probable cause.
"Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge, or of which he had reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime." State v. Ruffin, 448 So.2d 1274 (La.1984).
Officer Chenevert placed the defendant under arrest when, on the basis of his experience as a police officer, he identified the substance in the bag in the defendant's towel as probably phencyclidine. These facts within the officer's knowledge gave him probable cause to believe that the defendant had committed a crime and the arrest of the defendant was lawful. Since a lawful arrest had been made, a warrantless search of the arrestee's person and of the area within his immediate control was permissible in order to remove any weapons from the defendant or to prevent evidence from being destroyed. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). State v. Andrishok, 434 So.2d 389 (La.1983). It was therefore reasonable and permissible to remove and seize the silver tin foil, camera and vial of cocaine from the defendant's person.
Reversed; motion to suppress denied.