BARRY, Judge.
Wade Jackson was charged with first degree murder, La.R.S. 14:30. A lunacy commission found him incapable to proceed, but a later hearing adjudged him competent to stand trial and he pleaded not guilty by reason of insanity. He was found guilty without capital punishment and sentenced to mandatory life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Jackson assigns seven errors. We find no reversible error and affirm.
On February 18, 1984 Jerry Posner was jogging on Conti Street. Jackson and Raymond Ricner, an acquaintance, were talking immediately before the shooting. Wilbert Manuel had stopped his car at a stop sign. Lionel Domain, the owner of a nearby restaurant and bar, had just opened his front door. All three testified Jackson shot Posner in the head and took jewelry from his wrist, and each identified Jackson in court.
*809 The defendant’s godmother, Lillian Stewart, testified Jackson’s mother had been mentally ill before her death. She said Jackson was treated for mental problems since he was six years old and had taken medication.
Dr. William Super testified Jackson had evidence of undifferentiated schizophrenia in April, 1984 and he was not competent to stand trial. Dr. Super was not a member of the lunacy commission and his examination lasted one and one-half hours. After reviewing the hospital records he stated Jackson quite likely knew right from wrong at the time of the crime.
Dr. Aris Cox, a member of the lunacy commission, testified that after psychological tests and an examination he concluded Jackson was competent and could distinguish right from wrong.
ASSIGNMENT NO. 1
Jackson contends he had a right to the arrest and conviction records of the three witnesses.
Proof that an eyewitness had a criminal conviction would not be relevant to the question of defendant’s guilt. State v. Hooks, 421 So.2d 880 (La.1982); State v. Williams, 389 So.2d 60 (La.1980). To be material there must be a “reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different_a probability sufficient to undermine confidence in the outcome.” United States v. Bagley, — U.S. -, -, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985).
The state has no affirmative duty to find and produce rap sheets. State v. Whitlock, 454 So.2d 871 (La.App. 4th Cir.1984). The prior criminal records of state witnesses are exculpatory evidence (favorable and material) under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) only when the witnesses were involved with the defendant in the crime. State v. Evans, 463 So.2d 673 (La.App. 4th Cir.1985), writ denied 466 So.2d 466 (La.1985).
The state’s three witnesses happened to be at the scene when the victim was murdered. Whether they had a criminal record is not relevant to Jackson’s guilt or sentence. There is no showing that the state had the requested rap sheets. Had the records, if any, been turned over, the result would not have been different. This assignment lacks merit.
ASSIGNMENT NO. 2
Jackson complains that he was not permitted to cross-examine Ricner (a juvenile) as to why he was not enrolled in school, thus he was unable to pursue the witness’ credibility.
Credibility of a witness may be attacked by showing a bad general reputation for truth and moral character. La.R.S. 15:490. The bias, interest or corruption of a witness may be shown, La.R.S. 15:492, but the bias must be personal against the defendant rather than general in nature and the interest must be particular to the case. State v. Loyd, 459 So.2d 498 (La.1984).
La.R.S. 15:486 provides each side with the right to impeach the testimony and credibility of a witness sworn on the other side’s behalf. However, it is not competent to impeach a witness as to a collateral fact or irrelevant matter under La.R.S. 15:494. The trial judge is vested with discretion in ruling on the relevancy of evidence. State v. Davenport, 445 So.2d 1190 (La.1984).
Prior to the attempts to ask Ricner the reason he was not in school, counsel asked where he attended school. Ricner responded he lived in Hope Haven and went to school there. The fact that Ricner did not attend regular school because he was living in a boy’s home was brought out.
General prejudice or special biases or interests too remote or irrelevant to the trial issues have been considered improper as impeachment. State v. Loyd, supra; State v. Bretz, 394 So.2d 245 (La.1981), cert. denied 454 U.S. 820, 102 S.Ct. 102, 70 *810 L.Ed.2d 91 (1981). This assignment lacks merit.
ASSIGNMENT NO. 3
Jackson contends a witness violated the sequestration order and should not have been permitted to testify. Bruce Posner, the victim’s son, was present during trial and called to identify his father’s picture.
La.C.Cr.P. Art. 764 vests the trial court with broad discretion to disqualify a witness when a sequestration order has been violated. A judge’s ruling will not be disturbed absent a clear showing of abuse. State v. Kimble, 407 So.2d 693 (La.1981); State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1984). A sequestration order is intended to assure that a witness will testify as to his own knowledge without being influenced by other witnesses’ testimony. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983).
Bruce Posner only identified a photograph and his testimony was unrelated to anything he heard in court. This assignment lacks merit.
ASSIGNMENT NO. 4
Jackson argues it was error to deny the introduction of his mental health records.
Under La.R.S. 13:3714 such hospital records have been recognized as an exception to the hearsay rule if the documents comply with the statutory requirements for authentication. State v. Trahan, 332 So.2d 218 (La.1976). The court did not base its ruling on the lack of necessary formalities and arguably erred. See State v. Williams, 346 So.2d 181 (La.1977).
The expert witnesses, both defense and prosecution, testified Jackson knew right from wrong at the time of the offense. It is not clear whether Dr. Super used the New Orleans Mental Health Center records in his evaluation process. However, Dr. Cox, a state witness, testified he reviewed those records and they were part of his evaluation.
Jackson does not point to any specific information nor does he indicate how the records could have affected his defense. We find no prejudice. See State v. Williams, supra. The error was harmless under La.C.Cr.P. Art. 921. This assignment lacks merit.
ASSIGNMENT NO. 5
Jackson contends the court erred by overruling his objection to the testimony of Dr. Cox as to why the staff at Feliciana Forensic Facility (FFF) did not like him.
During direct examination the state inquired about Jackson’s malingering and an objection to hearsay was sustained. During cross-examination Dr. Cox responded negatively to counsel’s inquiry as to whether the FFF staff liked Jackson. On redirect the state again asked why the staff disliked Jackson.
The judge overruled the defense objection since he had permitted the defense to explore that question. Dr. Cox answered that the staff felt Jackson was malingering and thought he was hostile and dangerous. After the court sustained a subsequent objection to hearsay, the state asked two questions as to the doctor’s impression of whether the FFF staff would conspire against Jackson and whether the staff’s reactions were validly based.
Jackson argues the allowed testimony was hearsay and opinion prohibited by La.R.S. 15:463 and was prejudicial to the issue of his sanity at the time of the offense. Jackson claims the defense had not explored the reasons for the dislike and the state should not have been permitted to do so on redirect. He says the state imper-missibly withheld the testimonial evidence until rebuttal. We disagree.
The defense first questioned Dr. Cox about the staff's dislike of Jackson. Equally unpersuasive is the argument that the state held back testimony in its case-in-chief. Rebuttal evidence is offered to explain, repel or disprove facts given in evidence by the adverse party. State v. Perry, 408 So.2d 1358 (La.1982). The determination of what is proper rebuttal evidence lies within the court’s discretion. State v. Green, 390 So.2d 1253 (La.1980). The evi *811 dence here was proper rebuttal. Even if the state improperly introduced the testimonial evidence in rebuttal, prejudice was avoided since defense counsel was given an opportunity to respond. See State v. Turner, 337 So.2d 455 (La.1976).
Statements that Jackson was malingering were made prior to counsel’s hearsay objection which was then sustained. The witness’ subsequent impressions as to the FFF staff would be prohibited under La.R.S. 15:463 except that Dr. Cox was qualified as an expert. An expert can give an opinion but must state the facts upon which it is based. La.R.S. 15:465. Dr. Cox rendered his opinion as to Jackson’s sanity at the time of the offense based partially upon the observation of others, including the FFF Staff.
If the testimony was impermissible, there was no substantial prejudice. This assignment lacks merit.
ASSIGNMENT NO. 6
Jackson argues the state’s rebuttal closing argument was improper.
The prosecutor stated that if Jackson were found not guilty by reason of insanity, he could be released back into society in a week, a month, or even (theoretically) tomorrow. Defense counsel’s objection was overruled. Again the prosecutor argued Jackson could be released tomorrow. At that point the court sustained the defense’s objection. The judge noted that his instructions to the jury would state that a person had to remain in a facility at least six months following an adjudication of not guilty by reason of insanity. The court then sustained the first overruled defense objection as well and admonished the jury to disregard the prosecutor’s last comment as well as the earlier one.
The state’s comments were outside the scope of closing argument under La.C.Cr.P. Art. 774. Although the defense did not move for a mistrial, counsel’s objection to the argument preserves the issue on appeal. State v. Hamilton, 356 So.2d 1360 (La.1978).
The jury was told to disregard the improper remarks and we are convinced the jurors were not influenced by the comments. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Sharp, 418 So.2d 1344 (La.1982). We find no reversible error.
ASSIGNMENT NO. 7
Jackson argues his motion for a new trial was proper. The motion was predicated on two errors: the court curtailed cross-examination of Ricner as to why he did not attend school and the state failed to prove the defendant’s sanity after the. defense established evidence of insanity.
The first contention was dismissed under Assignment No. 2.
In Louisiana a defendant is presumed sane and responsible for his actions. La.R.S. 15:432. A defendant who wishes to rebut the presumption must prove the affirmative defense of insanity by a preponderance of the evidence. La.C.Cr.P. Art. 652. He must persuade the jury he had a mental disease or defect rendering him incapable of knowing right from wrong at the time of the crime. La.R.S. 14:14; State v. Roy, 395 So.2d 664 (La.1981).
Both expert witnesses concluded Jackson knew right from wrong when the crime was committed. A rational jury, viewing the evidence in the light most favorable to the prosecution, could have concluded the defendant failed to prove by a preponderance of the evidence he was insane at the time of the offense. State v. Sharp, supra; State v. Claibon, 395 So.2d 770 (La.1981).
This assignment lacks merit.
We find no errors patent. The conviction and sentence are affirmed.
AFFIRMED.