WICKER, Judge.
Defendant, Carl Higgins, appeals his conviction by a jury for distribution of cocaine. (L.S.A.-R.S. 40:967). He urges us to review the record for patent error and to examine the evidence presented at trial to determine whether it is sufficient to justify the verdict. We affirm.
A chemist and four police officers testified for the State. Detective Elton Catino was working as an undercover agent to infiltrate the narcotics traffic in the City of Gretna when he made the acquaintance of Higgins. Catino arranged to meet Higgins on July 25, 1985 at 724 Richard Street, Gretna, at 6:20 p.m. to buy drugs. Higgins brought Catino into a room where Catino observed twelve people, including Higgins, shooting narcotics. Higgins sold Catino *857 some white powder wrapped in a silver gum wrapper, which he claimed was heroin, for twenty five dollars ($25.00).
Milton Dureau qualified as an expert in the field of chemical analysis of controlled dangerous substances. He analyzed the contents of the gum wrapper and determined that the white powder was cocaine.
Detectives Glenn Michel and Carl Con-tranchis established the chain of custody of the cocaine. Officer Anthony Christiana, Jr. testified to Higgins’ arrest.
Higgins took the stand on his own behalf against his counsel’s advice and denied having met Detective Catino and also denied selling narcotics.
La.C.Cr.P. art. 920 provides “[tjhe following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975). We find no patent errors.
Our standard for reviewing a sufficiency of evidence claim is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
Higgins was convicted of distribution of a controlled dangerous substance, cocaine, in violation of R.S. 40:967 A which provides in pertinent part that “Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally: (1) to produce, manufacture, distribute, or dispense ... a controlled dangerous substance classified in Schedule II.” R.S. 40:964 A(4) classifies cocaine as a Schedule II controlled dangerous substance. The testimony showed that Higgins gave Cati-no, in exchange for $25.00, what Higgins said was heroin but what laboratory analysis showed to be cocaine. The State subsequently charged Higgins with distribution of cocaine. We hold that this evidence is sufficient to support a conviction for distribution of cocaine. State v. Williams, 464 So.2d 443 (La.App. 1st Cir.1985); State v. Guillory, 447 So.2d 1214 (La.App. 5th Cir.1984).
We affirm the conviction of Carl Higgins.
AFFIRMED.