531 So.2d 1137 (1988)
STATE of Louisiana
v.
Levester TAYLOR.
No. 88-KA-0272.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1138 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Anthony R. Crouse, New Orleans, for appellant.
Before GARRISON, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Levester Taylor, was charged by bill of information with simple burglary of an automobile, a violation of La.R.S. 14:62. Defendant was arraigned and pled not guilty on October 9, 1987. Motion hearings were conducted on November 4, 1987. On November 24, 1987, the trial court found probable cause to arrest defendant and denied the Motion to Suppress the Evidence. On December 14, 1987, defendant changed his plea to guilty reserving his right to appeal the Court's ruling on the Motion to Suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
On December 18, 1987, defendant pled guilty to being a multiple offender. Defendant was sentenced to four (4) years at *1139 hard labor with credit for time served and without good time.
FACTS:
On August 16, 1987 at approximately 5:50 a.m., police officer Joseph Williams and Madelyn Batiste received a radio dispatch that an anonymous caller reported two men stripping an automobile in the 3300 block of Press Street. Upon arriving at the scene, the officers observed a yellow Cadillac backed into a driveway. Both doors were open and two men were inside. As the officers approached the vehicle, the two men exited the automobile and began walking toward a maroon colored vehicle, (which belonged to defendant), parked across the street. Defendant entered the driver's side of the maroon vehicle. The other man fled. Officer Williams ordered defendant out of the car. The trunk of the car was open. Inside the trunk, Officer Williams observed a car stereo and part of a dashboard. Upon inspection of the Cadillac, the officers observed the steering column was broken, the stereo radio was missing, part of the dashboard had been removed and the contents of the glove compartment had been ransacked. Defendant was arrested for auto theft, possession of stolen property and auto burglary. It was later verified that the Cadillac had been stolen.
Defendant appeals his conviction and sentence asserting the trial court erred in finding that there was probable cause to arrest defendant and in failing to suppress the evidence as incident to an unlawful arrest.
Defendant argues that probable cause to arrest did not exist because the officer's information was based upon a "tip" which had not been verified at the time of defendant's arrest. We disagree.
Code of Criminal Procedure Article 213 authorizes a warrantless arrest when an offense had been committed in the presence of the police officers, or when the officer has reasonable cause to believe that the person to be arrested has committed an offense although not in his presence. The standard of "reasonable cause to believe" is a lessor degree of proof than the "beyond a reasonable doubt" standard and is determined by the setting in which the arrest took place together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Weinberg, 364 So.2d 964 (La.1978); State v. Boyd, 349 So.2d 1256 (La.1977).
The determination of the existence of probable cause to arrest is a substantive determination to be made by the trial judge from facts and circumstances of the case and is one which is entitled to be given great weight by the reviewing court. State v. LeCompte, 441 So.2d 249 (La.App. 4th Cir.1983).
In addition, La.C.Cr.P. Art. 215.1 allows a police officer to stop a person in a public place whom "he reasonably suspects is committing, has committed or is about to commit an offense and may demand his name, address and an explanation of his actions." An informant's tip can provide a police officer with reasonable cause to stop and question a suspect. State v. Anderson, 478 So.2d 163 (La.App. 4th Cir. 1985). However, if the informant is not otherwise known to be reliable, independent corroboration of the information is necessary. State v. Jernigan, 377 So.2d 1222 (La.1979), cert. den., 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980). Here, the informer was unknown.
The facts of the instant case are analogous to those in State v. Sabillion, 514 So.2d 592 (La.App. 4th Cir.1987). In Sabillion, as in this case, the police officers were relying upon information received by an unknown informant. We concluded that the independent observations made by the police officers and the defendant's attempt to evade encountering the officers, served to corroborate the informant's tip and justify an investigatory stop of defendant and subsequent arrest.
In the instant case, the police officers received an anonymous tip that an automobile was being stripped. The fact that it was before six a.m. in the morning, the car was backed into a driveway with *1140 both doors open, two men were observed inside and upon the approach of the officers, they moved to avoid an encounter, is sufficient to provide the officers with enough information to reasonably believe a crime was being committed. They were justified in making an investigatory stop. Once defendant was detained, and the officers observed in "plain view" the radio and dashboard in the open trunk of defendant's car, and the discovery that the Cadillac had been stripped of these items, the officers had probable cause to arrest defendant. C.Cr.P. Art. 213.
Evidence in plain view may be seized if three requirements are met: (1) there must be a prior justification for an intrusion into a protected area; (2) in the course of which evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. Hernandez, 410 So.2d 1381 (La.1982). Here, these three requirements were fulfilled and the evidence was properly seized from the trunk of defendant's car.
For the foregoing reasons, defendant's conviction and sentence is affirmed.
AFFIRMED.