537 So.2d 347 (1988)
STATE of Louisiana
v.
Thomas FAYARD.
No. KA-6477.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1988.
Writ Denied April 14, 1989.
*348 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Brian M. Begue, New Orleans, for defendant-appellant Thomas Fayard.
Before GARRISON, KLEES and BYRNES, JJ.
KLEES, Judge.
On October 9, 1985, the defendant, Thomas Fayard, was charged with possession of a firearm by a convicted felon, a violation of R.S. 14:95.1, and he pled not guilty. On March 16, 1986, a twelve member jury found the defendant guilty as charged. After denying the defendant's motion for new trial, the trial court sentenced him to serve three (3) years at hard labor.
The defendant appealed and was released on bond. This Court stayed the appellate proceedings on October 1, 1987 in response to a ruling by the Louisiana Supreme Court ordering the trial court to hear defendant's second motion for new trial, in which he challenged the guilty plea he had made in his predicate felony conviction. On September 9, 1988, the trial court denied this motion, ruling that the guilty plea was intelligently and voluntarily made, and the appeal proceedings resumed.
I. FACTS:
In the early morning hours of August 10, 1985, Mr. Craig McGehee was the doorman at the Port Seasons Lounge on Lakeshore Drive in New Orleans. The defendant was a frequent patron in this establishment and had been there the prior evening. At about 2:15 a.m., when the defendant walked into the lounge, he bumped Mr. McGehee, who felt a gun under the defendant's shirt. McGehee related this information to Officer Brian Weiss, who was working a paid detail at the lounge. Another patron in the lounge, Mr. Kirk Caffery, had already told Officer Weiss that the defendant resembled a man who was wanted for recent boat thefts in the area. Officer Weiss called for a backup unit, and Detective George Hesni responded. Detective Hesni approached the defendant, patted him down, removed from under defendant's jacket a .45 caliber pistol and escorted him from the lounge. The defendant was arrested for carrying a concealed weapon, but was later charged *349 with possession of a firearm by a convicted felon.
The defendant testified that the weapon he possessed belonged to a friend whom he was supposed to meet at the Lounge.
II. ERRORS PATENT
A review of the record reveals several errors patent. First, the trial court failed to provide that the defendant's sentence must be served without benefit of parole, as stipulated by R.S. 14:95.1. However, because this error is favorable to the defendant and has not been raised by the State, it must be ignored by the reviewing court. State v. Wilson, 526 So.2d 348 (La. App. 4th Cir.1988).
Secondly, the minute entry of April 14, 1986, reflects that the trial court failed to wait twenty-four hours from the denial of the defendant's motion for new trial before sentencing him, and there is no indication that the defendant waived this delay. C.Cr.P. art. 873. However, he has not assigned this as error nor has he alleged that any prejudice resulted from his failure to waive the delay, if indeed he did not do so. Thus, this error is harmless. State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir. 1987).
III. ASSIGNMENTS OF ERROR

Assignment of Error 1
By this assignment, the defendant contends that the trial court erred by denying the motion to suppress the gun as evidence.
The testimony adduced at the motion to suppress hearing and at trial reveals that Officer Brian Weiss was working as a guard at the Port Seasons Lounge.
The doorman, Craig McGehee, told Officer Weiss that he had felt a gun under the defendant's jacket when the defendant had bumped him upon entering the bar. Also, Officer Weiss was told by a patron, Kirk Caffery, that the defendant strongly resembled the photograph of a man depicted on a "wanted" poster as being a suspect in several boat thefts.
Detective George Hesni responded to Weiss' call for assistance. As Detective Hesni approached the defendant, he observed a bulge under Fayard's jacket, confirming the information he had received from Mr. McGehee. Detective Hesni patted down the defendant and removed a loaded .45 caliber pistol from under his jacket and shirt.
C.Cr.P. art. 215.1 and federal and state jurisprudence recognize the right of a police officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jernigan, 377 So.2d 1222 (La. 1979) cert. den. 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980); State v. Anderson, 478 So.2d 163 (La.App. 4th Cir. 1985). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case. The question is whether the officer had sufficient knowledge of facts and circumstances to justify an infringment on an individual's right to be free from governmental interference. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); Jernigan, supra, at 1224. An informant's tip can provide a police officer with reasonable cause to stop and question a suspect. Anderson, supra. Where the information is corroborated by independent police work and presents an immediate and real danger to the public, prompt police action is justified to prevent possible serious harm. Jernigan, supra, at 1225.
The instant case involves information received from two known citizens, as well as the observations of Detective Hesni, who noticed a bulge under the defendant's jacket. Moreover, because the crime being investigated involved a gun in a crowded lounge, it presented an immediate public danger. Under these circumstances, Detective Hesni had sufficient knowledge of facts to justify the detention of the defendant for questioning. See Anderson, supra, at 164.
Once a lawful detention has occurred, a police officer is justified in frisking *350 the suspect for weapons where the officer reasonably suspects he is in danger. C.Cr.P. art. 215.1(B). Anderson, supra. The Supreme court has stated: "Officers may conduct a limited search for weapons during a lawful investigatory stop, where such search is necessary to neutralize the threat of physical harm." State v. Cobb, 419 So.2d 1237, 1242 (La.1982). It is sufficient that the officer establish a "substantial possibility" of danger by pointing to particular facts that support such a reasonable belief. Anderson, supra, at 165. Here, the information received by Detective Hesni regarding the defendant's concealment of a weapon and Hesni's own observance of the bulge under the defendant's jacket established a "substantial possibility" of danger to Hesni.
This assignment is without merit.

Assignment of Error 2
By this assignment, the defendant argues that the trial court erred in denying the motion to produce the "rap sheet" of Mr. Kirk Caffery.
Mr. Caffery was not called as a state witness. Although subpoeaned by the defense, Caffery was not able to be served at his last known address. Moreover, even if Caffery had been a state witness, the state has no affirmative duty to find and produce rap sheets. State v. Jackson, 482 So.2d 807 (La.App. 4th Cir.1986).
Therefore, this assignment is without merit.

Assignment of Error 3
By this assignment, the defendant contends that the trial court erred by denying his first motion for new trial. This motion argued that the evidence adduced at trial was insufficient to prove the defendant guilty beyond a reasonable doubt because there was not adequate proof that defendant had a prior felony conviction.
At trial, the State produced certified copies of the bill of information and arrest register of the defendant's prior conviction in Case No. 243-941 "I". Mr. William Sable, a fingerprint expert, fingerprinted the defendant before trial and then testified at trial that the defendant's fingerprints matched those of Thomas Fayard, who had been convicted in the prior case. In fact, the defendant admitted at trial that he had pled guilty to the predicate offense.
This assignment is without merit.

Assignment of Error 4 & 5
By this assignment, the defendant maintains that the trial court erred by denying his second motion for new trial based on newly discovered evidence. The "newly discovered evidence" was an interoffice memorandum circulated in the Orleans Parish District Attorney's Office indicating that the defendant's plea of guilty in case no. 243-941 "I" was probably invalid because Section "I" was not Boykinizing defendants properly at the time of Fayard's plea.
C.Cr.P. art. 851 provides in part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
A new trial is required where the following four factors exist: (1) the evidence was discovered after trial; (2) the late discovery of the evidence was not due to any lack of diligence on the part of the defense; (3) the evidence is material; and (4) it is probable that the evidence would have produced a different verdict if the jury had heard it. State v. Prudholm, 446 So.2d 729 (La. 1984). The defendant has the burden of proving that "newly discovered" evidence was not discoverable through due diligence prior to or during trial, as well as proving that the introduction of this evidence at *351 trial would probably have resulted in the trier of fact reaching a different verdict.
In this assignment, the defendant has challenged his guilty plea in separate proceedings in Section "I", and the trial court on September 9, 1988 found the guilty plea to be constitutionally firm. The trial court is given much discretion in evaluating newly-discovered evidence, and its denial of a motion for new trial should not be set aside absent a clear abuse of this discretion. State v. Clayton, 427 So.2d 827 (La.1982); State v. Hall, 454 So.2d 409 (La.App. 4th Cir.1984); State v. Beckendorf, 451 So.2d 66 (La.App. 4th Cir.1984). The test to be employed in evaluating whether a new trial should be granted is not whether a trier of fact presented with this evidence could have reached a different verdict, but rather "whether the new evidence is so material that it ought to produce a verdict different from that rendered at trial." Clayton, supra, at 832 (Emphasis supplied); Prudholm, supra. After reviewing the evidence, we cannot say that it "ought to produce a different verdict." Therefore, the trial court did not abuse its discretion in denying the motion for new trial.
This assignment is without merit.
Accordingly, for the reasons given, the defendant's conviction and sentence is affirmed.
AFFIRMED.