597 So.2d 123 (1992)
STATE of Louisiana
v.
Charles TAYLOR.
No. 91-KA-923.
Court of Appeal of Louisiana, Fifth Circuit.
March 31, 1992.
*124 Harry J. Morel, Jr., Dist. Atty., Hahnville, for plaintiff-appellee.
Victor E. Bradley, Jr., Norco, for defendant-appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The defendant, Charles Taylor, was indicted on two counts of distribution of cocaine, a violation of LSA-R.S. 40:967 A(1).
He was tried on one count and the jury found him guilty as charged. The state then filed a multiple offender bill alleging that the defendant was a double felony offender. He admitted the allegations of the multiple bill and the trial court sentenced the defendant to serve 15 years at hard labor. This appeal followed and three assignments of error are urged:
1. The trial judge erred in not granting a mistrial when it was shown that the district attorney had not furnished the defense the entire file in accordance with the motion for discovery and prayer for oyer.
2. The evidence was not sufficient to support a finding of guilt beyond a reasonable doubt.
3. A reversal of conviction or mistrial should be granted as the state did not disclose in accordance with the discovery motions filed that the prosecution witness, Anthony Akins, had a criminal conviction.

FACTS
The defendant was arrested for selling cocaine to Don Carter, an undercover narcotics detective with the St. Charles Parish Sheriff's Office. Under Officer Anthony Akins' surveillance, Detective Carter drove to a location in Boutte where the defendant was standing alongside the street. The defendant flagged the undercover officer down and offered to obtain some cocaine for Carter to purchase. The defendant got into Carter's automobile and directed him to drive to an address in a nearby housing project. Unknown to the defendant, Detective Carter was tape-recording all verbal exchanges with the defendant. When Detective Carter reached the address in the housing project, the defendant got out of the car, went inside an apartment and returned with a quantity of cocaine to sell Detective Carter. The officer and the defendant completed the sale and the defendant *125 exited the car. Thereafter the detectives performed a standard field-test on the substance sold by the defendant to the officer. The field test indicated the substance was cocaine, and that finding was subsequently confirmed through comprehensive laboratory analysis.

ASSIGNMENT OF ERROR NO. 1
During his trial testimony, Detective Anthony Akins referred to a police report he had prepared and had recently reviewed in this case. Out of the jury's presence, the defendant moved for a mistrial, claiming that the state had neglected to furnish the defense a copy of the report during open-file discovery. The state conceded that the report had not been provided to the defense, but the state further explained that the report was not part of the case file when the open-file discovery occurred. The trial judge denied the mistrial but ordered the state to produce a copy of the police report for defense counsel's immediate inspection. The jury was not returned nor was Detective Akins' testimony resumed until defense counsel indicated that he had completed his review of the report and was prepared to proceed. On appeal, the defendant contends that the trial judge's refusal to grant a mistrial in the case constituted reversible error. According to the defendant, L.C.Cr.P. art. 775(3) required a mistrial in this case because the state's failure to produce the disputed police report during open file discovery amounted to a "legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law."
A similar situation was before this court in State v. London, 478 So.2d 1340 (La. App. 5th Cir.1985). Citing the Louisiana Supreme Court's decision in State v. Arnaud, 412 So.2d 1013 (La.1982), the Fifth Circuit noted that reversal of a defendant's conviction on the basis of a discovery violation will only be granted if the defendant establishes that he was prejudiced by the trial court's adverse ruling on the sanction requested. London, supra, at p. 1345. Furthermore, the appellate court in London referred to L.C.Cr.P. art. 729.5 which details sanctions authorized for discovery violations and specifically approved a recess in the proceedings as an available sanction should the trial judge believe that late discovery hindered the defendant's ability to present favorable evidence. The defendant in the present case has failed to demonstrate any prejudice to his case resulting from the state's delayed production of the disputed police report. The trial judge acted properly in ordering immediate production of the report and in recessing trial proceedings to afford defense counsel the opportunity to review the report. This sanction comprehensively remedied the problems caused by the late discovery. The trial judge therefore correctly denied the defendant's motion for a mistrial. State v. London, supra.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant complains that the evidence introduced at trial was not legally sufficient to support his conviction for distribution of cocaine. The well established standard for reviewing a sufficiency of evidence claim is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988).
The defendant was convicted of distribution of a controlled dangerous substance, cocaine, in violation of R.S. 40:967 A. That statute makes it "... unlawful for any person knowingly or intentionally: (1) to produce, manufacture, distribute, or dispense... a controlled dangerous substance classified in Schedule II." Cocaine is classified as a Schedule II controlled dangerous substance by LSA-R.S. 40:964 A(4).
At trial, Detective Carter testified that the defendant offered to procure cocaine for the undercover officer to purchase. The defendant then directed Detective Carter to drive to an address where the defendant *126 went inside a residence and returned with cocaine which he sold to the officer. The defendant testified on his own behalf and denied any involvement in this incident. Faced with determining the credibility of these two witnesses, the jury, after observing the demeanor of each witness, discredited the testimony of the defendant and found him guilty. It is not the reviewing court's function to evaluate the credibility of witnesses and set aside the trial court's factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). The evidence presented by the state at trial was legally sufficient to support the defendant's distribution of cocaine conviction. State v. Higgins, 501 So.2d 856 (La.App. 5th Cir.1987).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
During preliminary proceedings in this case, the defendant formally requested production of all Brady material. After this appeal was filed, the defendant discovered that one of the state's witnesses, Detective Anthony Akins, had a prior conviction which was not reported to the defense during discovery. The defense now contends that this discovery omission entitles the defendant to reversal of his conviction, or alternatively, remand for a new trial.
Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the state is constitutionally required to disclose to the defense evidence favorable to the defendant if such evidence is material to his guilty or punishment. The defendant contends that Detective Akins' criminal record constitutes Brady material. However, the Louisiana Supreme Court has ruled that the criminal record of a state witness is exculpatory evidence under Brady only when that witness was involved with the defendant in committing the crime. State v. Williams, 389 So.2d 60 (La.1980). The court held in Williams that a prior criminal conviction of a state witness, unless a co-defendant or co-conspirator, did not constitute evidence relevant to the issue of the defendant's guilt. Further, the record in this case demonstrates that the outcome of the trial would have remained unchanged even if the defendant had obtained information about Akins' previous conviction. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

ERROR PATENT REVIEW
A review of the record in this case reveals a defect in the multiple offender proceeding. LSA-R.S. 15:529.1 D provides that, upon the filing of a multiple offender bill of information, the trial court shall order the defendant to appear and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. LSA-R.S. 15:529.1 has also been interpreted as implicitly requiring that the trial court advise the defendant of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), writ granted, on other grounds, 438 So.2d 1113 (La.1983).
At the multiple offender arraignment, the trial court failed to advise the defendant of his rights prior to accepting the defendant's admission to the allegations of the multiple bill. The defendant's sentence is vacated and the case remanded for resentencing. State v. Johnson, supra; State v. Jackson, 527 So.2d 1039 (La.App. 5th Cir.1988).

DECREE
For the foregoing reasons, the defendant's conviction is affirmed; however, the sentence is vacated and the case remanded for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.